UNITED STATES of America,
Plaintiff–Appellee,

v.

Jim Dean ARMSTRONG, Defendant–
Appellant.

No. 03–30165.

D.C. No. CR–02–00049–HA.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 17, 2003.

Frank Noonan, Esq., Stephen F. Peifer, Esq., USPO–Office Of The U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Christopher J. Schatz, Esq., Portland, OR, for Defendant–Appellant.

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Jim Dean Armstrong appeals his 24–month sentence imposed following a guilty plea conviction for possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). We have jurisdiction pursuant to 18 U.S.C. § 3742, and we affirm.

Armstrong contends that the district court erred by applying a 2–level obstruction of justice adjustment, pursuant to U.S.S.G. § 3C1.1, based on his unautho-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

rized failure to return to the community corrections center where he was ordered to reside as a condition of his pretrial release. The district court did not err in imposing an obstruction adjustment in this case. See United States v. Draper, 996 F.2d 982, 986 (9th Cir.1993) ("[a]bsconding from pretrial release merits an upward adjustment pursuant to the Guidelines section 3C1.1"); U.S.S.G. § 3C1.1 cmt. n. 4e (stating that "escaping or attempting to escape from custody before trial or sentencing" is an example of the type of conduct to which this adjustment applies).

AFFIRMED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

